UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FINISHMASTER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-00446-JMS-DML |
| ) | |
| LAKE PLEASANT COLLISION CENTER, ) | |
| LLC, ) | |
| ALYSON WIGGINS, ) | |
| MATHEW WIGGINS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| MATHEW WIGGINS, ) | |
| ALYSON WIGGINS, ) | |
| LAKE PLEASANT COLLISION CENTER, ) | |
| LLC, ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| vs. ) | |
| ) | |
| FINISHMASTER, INC., ) | |
| ) | |
| Counter Defendant. ) | |

## ORDER

Presently pending before the Court is Plaintiff/Counter Defendant FinishMaster, Inc.'s ("FinishMaster") Motion to Dismiss for Failure to State a Claim. [Filing No. 21.] FinishMaster seeks to dismiss certain of Defendant/Counter Plaintiff Lake Pleasant Collision Center, LLC's ("Lake Pleasant") counterclaims for breach of contract and fraud in the inducement. For the reasons detailed herein, the Court **GRANTS** in part and **DENIES** in part FinishMaster's Motion to Dismiss. [Filing No. 21.]

1

# I.
## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

# II.
## BACKGROUND

The factual allegations in Lake Pleasant's counterclaim, which the Court must accept as true for purposes of this ruling, are as follows.

Lake Pleasant, a limited liability company located in Arizona, executed a Customer Agreement (the "Contract") with FinishMaster, an Indiana corporation, on or about November 15, 2015. [Filing No. 10 at 11.] FinishMaster agreed to sell paint appropriate for use on motor vehicles

in Arizona and provide marketing and business development consultation, training and certification, and warranty assistance on paint repairs. [Filing No. 10 at 11-12.] Lake Pleasant, in turn, agreed to purchase a certain minimum amount of its paint and material products from FinishMaster over the term of their Contract. [Filing No. 10 at 12.] The Contract contains a Disclaimer of Warranties and Limitation of Remedies clause that reads as follows:

> **DISCLAIMER OF WARRANTIES AND LIMITATION OF REMEDIES**
> **EXCEPT FOR EXPRESS WARRANTIES ISSUED BY THE PAINT COMPANY OR ANY MANUFACTURER, [FINISHMASTER] DISCLAIMS ALL WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, ORAL OR WRITTEN, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE. THE LIABILITY, IF ANY, OF [FINISHMASTER] FOR DIRECT DAMAGES WHETHER ARISING FROM A BREACH OF THIS AGREEMENT, BREACH OF WARRANTY, NEGLIGENCE, OR INDEMNITY, STRICT LIABILITY OR OTHER TORT, OR OTHERWISE WITH RESPECT TO GOODS OR ANY SERVICES IS LIMITED TO THE PRICE OF THE PARTICULAR GOODS OR SERVICES GIVING RISE TO THE LIABILITY. IN NO EVENT SHALL [FINISHMASTER] BE LIABLE FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL, OR SPECIAL DAMAGES, INCLUDING LIMITATION, DAMAGES RELATING TO LOST REVENUES OR PROFITS, OR LOSS OF PRODUCTS.**

[Filing No. 1-1 at 10.]

Lake Pleasant alleges that FinishMaster had knowledge of Lake Pleasant's general and particular requirements for paint and was aware of the environmental factors, such as humidity, in considering the proper paint for Lake Pleasant. [Filing No. 10 at 12.] FinishMaster recommended that Lake Pleasant use DPC-Cromax ["DPC-Cromax Paint"], which product was then included in the Contract. [Filing No. 10 at 12.] Lake Pleasant alleges that FinishMaster was aware that Lake Pleasant would be applying the DPC-Cromax Paint to motor vehicles in Arizona, and that Lake Pleasant relied on referral sources for its customer base. [Filing No. 10 at 12.]

3

Lake Pleasant claims that the DPC-Cromax Paint that FinishMaster provided was defective, nonconforming, and failed to comply with reasonable commercial standards and usage of trade. [Filing No. 10 at 13.] In particular, the paint was of poor quality, bubbled upon application, and created other errors such as fish eyes and side casting. [Filing No. 10 at 13.] Lake Pleasant notified FinishMaster of the defects and FinishMaster gave repeated assurances that it would cure the defects. [Filing No. 10 at 14.] FinishMaster's employees were on site at Lake Pleasant for the first three months that Lake Pleasant used the DPC-Cromax Paint. [Filing No. 10 at 14.] After repeated attempts, FinishMaster was unable to cure the defects. [Filing No. 10 at 14.] After concluding that DPC-Cromax Paint was not suitable, FinishMaster recommended that Lake Pleasant use a solvent-based paint known as ChromaPremier Paint. [Filing No. 10 at 15.] The ChromaPremier Paint also proved to be unsuitable, however, because FinishMaster failed to supply the Color Variance Deck, an essential component of the paint, [Filing No. 10 at 15], which caused many cars to be repainted because of mismatched colors, [Filing No. 10 at 16]. Lake Pleasant notified FinishMaster of the issue. [Filing No. 10 at 15.]

Lake Pleasant claims that FinishMaster and Lake Pleasant created a new agreement in September 2013. [Filing No. 10 at 16.] FinishMaster agreed to install and pay for new coolers and other equipment for Lake Pleasant, which would fix the defects and permit Lake Pleasant to paint with DPC-Cromax Paint. [Filing No. 10 at 16.] However, Lake Pleasant claims that FinishMaster never paid for the new coolers or other equipment, and has neither cured the defects of the paint nor provided Lake Pleasant with suitable paint. [Filing No. 10 at 16.] Lake Pleasant terminated the Contract with FinishMaster on January 14, 2014. [Filing No. 10 at 16.]

FinishMaster initiated litigation when it sued Lake Pleasant for breach of contract. [Filing No. 1-1.] Lake Pleasant counterclaimed as described above. FinishMaster now moves to dismiss

4

Lake Pleasant's counterclaims for breach of contract and fraud in the inducement for failure to state a claim upon which relief may be granted. [Filing No. 21.]

### III.
### DISCUSSION

FinishMaster argues that Lake Pleasant did not adequately plead its breach of contract and fraud in the inducement counterclaims. [Filing No. 21; Filing No. 22 at 1]. Lake Pleasant challenges Lake Pleasant's breach of contract counterclaim on three bases. However, the Court reframes FinishMaster's breach of contract challenges as two issues: First, FinishMaster argues that Lake Pleasant's counterclaims for breach of implied warranty of merchantability and fitness for a particular purpose fail because they are disclaimed under the Contract; and second, Lake Pleasant's counterclaim for breach of contract for failure to perform service obligations fails because FinishMaster is not subject to additional service obligations under the Contract. [Filing No. 21; Filing No. 22 at 1.]

Additionally, FinishMaster argues that Lake Pleasant's counterclaim seeking certain remedies is barred by the Contract's limitation of remedies. [Filing No. 21; Filing No. 22 at 1.] Lastly, FinishMaster argues that Lake Pleasant did not plead its fraud in the inducement counterclaim with particularity. [Filing No. 21; Filing No. 22 at 1.]

**A. Breach of Contract Counterclaim**

*1. Implied Warranties*

FinishMaster first argues that Lake Pleasant's counterclaim for breach of implied warranty of merchantability and fitness for a particular purpose should be dismissed because the Contract between FinishMaster and Lake Pleasant contains a valid disclaimer of warranties. FinishMaster states that the disclaimer satisfies the requirements of Ind. Code § 26-1-2-316 because it is

5

sufficiently "conspicuous," it appears in capital letters and bold print, and the language "disclaimer of warranties" is underlined for additional emphasis. [Filing No. 22 at 6.]

Lake Pleasant concedes that the Contract contains a disclaimer of implied warranties and stipulates to striking the implied warranties counterclaim. [Filing No. 25 at 1.]

Therefore, the Court grants FinishMaster's motion to dismiss Lake Pleasant's counterclaim for breach of implied warranties.

### 2. *Service Obligations*

FinishMaster argues that Lake Pleasant's breach of contract counterclaim for failure to perform service obligations fails because Lake Pleasant has not identified the Contract provision FinishMaster breached by failing to perform the service obligations. [Filing No. 22 at 7.] FinishMaster states that there is no provision in the Contract that directs FinishMaster to provide services to Lake Pleasant. [Filing No. 22 at 7.]

In response, Lake Pleasant states that it sufficiently pled a breach of contract counterclaim because after Lake Pleasant agreed to purchase the paint from FinishMaster, FinishMaster provided non-conforming and defective paint that failed to comply with reasonable commercial standards and usage of trade. [Filing No. 25 at 5-6.] Lake Pleasant argues that the DPC-Cromax Paint "was of poor quality, bubbled upon application, and created other errors upon application such as fish eyes and side casting." [Filing No. 25 at 6.]  Additionally, Lake Pleasant alleges that FinishMaster assumed service obligations in the course of FinishMaster's performance of the Contract, and then breached those obligations. [Filing No. 25 at 6.] Lake Pleasant states that under Ind. Code § 26-1-1-205(4), course of performance "give[s] particular meaning to and

Case 1:15-cv-00446-JMS-DML Document 35 Filed 09/10/15 Page 7 of 17 PageID #: 218

supplement[s] or qualif[ies] terms of an agreement."[1] [Filing No. 25 at 6.] Lake Pleasant alleges that in the course of performance of the Contract, FinishMaster assumed additional service obligations. [Filing No. 25 at 7.] When Lake Pleasant notified FinishMaster of the defective paint, Lake Pleasant claims that FinishMaster made several assurances that it would cure the defect of DPC-Cromax Paint and provided additional services, such as sending its employees for the first three months to test the paint. [Filing No. 25 at 7.] Lake Pleasant alleges that after being unable to fix the issue, FinishMaster recommended and issued ChromaPremier Paint, but never provided Lake Pleasant with the materials or services necessary to make the new paint work. [Filing No. 25 at 7.] Lake Pleasant points out that the parties entered into a new agreement where FinishMaster would install new coolers and provide equipment; however, FinishMaster never fulfilled those obligations. [Filing No. 25 at 7.]

In reply, FinishMaster argues that Lake Pleasant is improperly attempting to amend the pleading by arguing in its response that the Contract was amended through course of performance when FinishMaster provided services to Lake Pleasant. [Filing No. 27 at 3.] Further, FinishMaster claims that an amended Contract would fail as a matter of law because the Contract prohibits modifications without a signed agreement. [Filing No. 27 at 4.]

"To prevail on a [counterclaim] for breach of contract, the plaintiff must prove the existence of a contract, the defendant's breach of that contract, and damages resulting from the breach." *Haegert v. Univ. of Evansville*, 977 N.E.2d 924, 937 (Ind. 2012); *see Rice v. Hulsey*, 829

---

[1] Course of performance under Ind. Code § 26-1-1-205(2) is defined as a "sequence of conduct between parties to a particular transaction" where an "agreement . . . involves repeated occasions for performance by a party" and the "other party, with knowledge of the nature of the performance and opportunity for rejection to it, accepts the performance or acquiesces in it without objection."

7

N.E.2d 87, 89 (Ind. Ct. App. 2005).[2] FinishMaster argues that Lake Pleasant cannot identify where in the Contract it breached its service obligations. The argument is unavailing. First, Lake Pleasant sufficiently pleads that FinishMaster provided defective paint; FinishMaster does not contest this issue. Second, Lake Pleasant sufficiently alleges that after it notified FinishMaster of the defective paint, FinishMaster assumed additional service obligations to cure the defective paint. Unlike FinishMaster's argument, Lake Pleasant claims that FinishMaster's service obligations arose after the Contract was created, and that FinishMaster breached those obligations because it never fixed the defective paint. Thus, Lake Pleasant's factual recitations receive "the benefit of imagination, so long as the hypotheses are consistent with the [counterclaim]." *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).

FinishMaster raises two additional arguments on reply. First, it alleges that Lake Pleasant improperly attempts to amend the counterclaim by arguing for the first time in the response that FinishMaster assumed additional service obligations. [Filing No. 27 at 3-4.] The Court disagrees. Lake Pleasant's counterclaim provides FinishMaster with fair notice of the claim and its basis. *See Erickson*, 551 U.S. at 93; Fed. R. Civ. P. 8(a)(2). In particular, the counterclaim states that after Lake Pleasant notified FinishMaster of the defective paint, FinishMaster gave "repeated assurances" of curing the defect and sent its employees to test the paint over a period of months, [Filing No. 10 at 14], and because of the continuing defect, Lake Pleasant was "forced to obtain a different type of paint" from FinishMaster, [Filing No. 10 at 15]. The counterclaim further asserts FinishMaster agreed to install new coolers and equipment to fix the DPC-Cromax Paint, but it never installed the equipment nor fixed the defective paint. [Filing No. 10 at 16.]

---

[2] As a federal court sitting in diversity, the Court will apply state substantive law and federal procedural law. *Ritchie v. Glidden Co.,* 242 F.3d 713, 720 (7th Cir. 2001).

Second, FinishMaster states that even assuming that FinishMaster breached the amended Contract, Lake Pleasant's counterclaim would fail as a matter of law because the Contract prohibits amendments other than in writing. [Filing No. 27 at 4.] Paragraph eight of the Contract states: "[n]o waiver of any provision of this Agreement by either party shall be enforceable against that party unless it is in writing and signed by both parties."[3] [Filing No. 1-1 at 10.] However, Lake Pleasant's counterclaim does not allege that the parties waived the terms of the Contract; rather, Lake Pleasant sufficiently alleges that FinishMaster assumed additional service obligations outside the Contract and breached those obligations.

The Court concludes that Lake Pleasant has set forth sufficient factual allegations to survive the motion to dismiss with respect to the service obligation claim.

**B. Remedies**

FinishMaster claims that Lake Pleasant's attempt to recover incidental or consequential damages for breach of contract is improper because the Contract limits remedies exclusively to the price of particular goods or services that give rise to the liability. [Filing No. 22 at 7.] FinishMaster points to paragraph ten of the Contract, which states that "the liability, if any, of [FinishMaster] for direct damages . . . is limited to the price of the particular goods or services giving rise to the liability." [Filing No. 1-1 at 10; (quoting Filing No. 22 at 7).] FinishMaster argues that Lake Pleasant improperly tries to recover additional incidental and consequential damages, such as "loss

---

[3] FinishMaster cites to *Cloud Corp. v. Hasbro*, 314 F.3d 289, 294 (7th Cir. 2002) to support its argument that a provision in a contract that prohibits modifications to the contract without written consent is binding. *Hasbro* is distinguishable from the current case. In *Hasbro*, the court found that the parties were bound to a provision in the buyer's letter, which stated that purchase orders could not be modified without the buyer's written consent, and the letter contained the seller's signature. The Contract in the current case does not state that it prohibits modifications to the Contract without a written agreement signed by the parties; rather, the Contract prohibits the waiver of any provision in the Contract without a writing signed by both parties.

9

of profits, loss of business, damage to reputation and goodwill, costs incurred in connection with painting, costs associated with changing product lines and obtaining suitable conforming products, and costs incurred in storing goods." [Filing No. 22 at 7 (quoting Filing No. 10 at 17).]

In response, Lake Pleasant states that the limitation of remedies clause is a fact issue not appropriate to determine on a motion to dismiss. [Filing No. 25 at 8.] Lake Pleasant quotes *Perry v. Gulf Stream Coach, Inc.*, 814 N.E.2d 634, 643 (Ind. Ct. App. 2004) to state that Indiana does not favor limitations of remedies and such limitations are strictly construed against the seller on the basis of public policy. [Filing No. 25 at 8.] Further, Lake Pleasant cites to Ind. Code § 26-1-2-719(2) to state that when "circumstances cause an exclusive or limited remedy to fail of its essential purpose" the buyer may seek other remedies available under I.C. § 26-1. [Filing No. 25 at 8.] Lake Pleasant claims that when FinishMaster assumed additional service obligations in its course of performance, these obligations constituted novel circumstances not contemplated by the parties. Without a developed record, Lake Pleasant argues that the Court cannot make a determination on whether the remedies limitation in the Contract failed its essential purpose. [Filing No. 25 at 10.]

FinishMaster states that Lake Pleasant acknowledges the limitation of remedies in the Contract and that Lake Pleasant is merely trying to avoid that limitation by claiming that it failed its essential purpose. [Filing No. 27 at 4.] It further alleges that Lake Pleasant's argument for additional remedies fails as a matter of law because it failed to plead that FinishMaster assumed additional service obligations under the Contract, [Filing No. 27 at 4]; however, to the extent that FinishMaster assumed additional service obligations, the Court already determined that Lake Pleasant properly pled the claim.

The Court concludes that a more developed record is necessary to determine whether Lake Pleasant can recover incidental and consequential damages outside the limitation of remedies clause. Parties may agree to limit their remedies in a contract, Ind. Code § 26-1-2-719(1)(a), although limitations of remedies are not favored in Indiana and are strictly construed against the seller. *Perry*, 814 N.E. 2d at 643; *see Cimino v. Fleetwood Enterprises, Inc.*, 542 F. Supp. 2d 869, 886 (N.D. Ind. 2008). However, under Ind. Code § 26-1-2-719(2), as Lake Pleasant points out, if the essential purpose of the remedy fails, a party can recover other damages under I.C. § 26-1. Here, Lake Pleasant pointed out that when the Contract was created, FinishMaster did not foresee engaging in additional services to cure the defective paint and Lake Pleasant did not contemplate incurring additional damages due to FinishMaster's inability to fix the issue. The court in *Perry* included an example that is instructive to the issue at hand:

> [W]here the sale of a car was accompanied by the exclusive remedy of repair and replacement of defective parts but attempted repairs were ineffective in correcting the problems, the purchaser was entitled to recover an amount in excess of the cost of repairs. The exclusive remedy of repair and replacement of defective parts failed of its essential purpose because the car could not be repaired so as to operate free of defects as promised in the express warranty.

*Perry*, 814 N.E.2d at 643 (quoting *Martin Rispens & Son v. Hall Farms, Inc.*, 621 N.E.2d 1078, 1085 (Ind. 1993), *abrogated on other grounds by Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947 (Ind.2005)).

As in the example, Lake Pleasant has alleged that the business could not run as anticipated under the Contract because it was unable to adequately perform services for its customers due to the defective paint. This makes it plausible that the purpose of the limitation of remedies does not account for the parties' circumstances. The Court does not conclude that Lake Pleasant's assertions are true and that it is not subject to the limitation of remedies. Rather, whether Lake Pleasant is subject to the limitation of remedies is a fact issue that requires a more developed

evidentiary record. Lake Pleasant has provided a short and plain statement that it can plausibly recover additional remedies. Fed. R. Civ. P. 8(a); *see Firestone Fin. Corp. v. Meyer,* No. 14-3075, 2015 WL 4720281, at *4 (7th Cir. Aug. 10, 2015) ("The relevant question under these cases is not whether a complaint's factual allegations are true, but rather whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)). The Court, therefore, denies FinishMaster's motion to dismiss Lake Pleasant's counterclaim to recover additional remedies beyond the limitation of remedies.

### C. Fraud in the Inducement

FinishMaster alleges that Lake Pleasant's fraud in the inducement counterclaim must fail because it is not pled with sufficient particularity. [Filing No. 22 at 8.] FinishMaster claims that Lake Pleasant does not identify who made the alleged misrepresentation nor when or where the misrepresentations occurred. [Filing No. 22 at 8-9.] The allegations, FinishMaster states, provide no specifics regarding the content of the alleged misrepresentations nor how they were communicated to Lake Pleasant. [Filing No. 22 at 9.] Finally, although Lake Pleasant's counterclaim contains bare assertions of the required element for fraud of "scienter," FinishMaster states that it does not provide any basis to show that Lake Pleasant could actually prove that FinishMaster was selling paint with knowledge that the paint would never work in Arizona. [Filing No. 22 at 9.]

Lake Pleasant argues in its response that the counterclaim meets the heightened pleading standard for fraud in the inducement. Lake Pleasant claims that the counterclaim contains the following factual allegations:

- FinishMaster had knowledge of the general and particular requirements and needs of Lake Pleasant with respect to the paint;

12

- FinishMaster performed an analysis of Lake Pleasant's paint booths and related equipment, and was fully aware of the environmental factors, including humidity, that were specific to Lake Pleasant in evaluating what paints were (and were not) proper for Lake Pleasant;

- FinishMaster recommended and encouraged Lake Pleasant to use a water-based paint product line known as DPC-Cromax Paint;

- FinishMaster knew that Lake Pleasant would be applying the DPC-Cromax Paint to motor vehicles in Arizona, and that Lake Pleasant relied on referral sources for its customer base;

- FinishMaster knew that Lake Pleasant and its owners, Mathew and Alyson Wiggins, were relying upon FinishMaster to furnish Lake Pleasant with suitable paint;

- FinishMaster made material representations to Lake Pleasant that (i) the paint would be appropriate for Lake Pleasant's business needs and (ii) the paint was appropriate for use in Arizona, the region in which Lake Pleasant is located;

- Those material representations were false and either known by FinishMaster to be false at the time they were made or were made recklessly without knowledge of whether they were true or false;

- The material representations were made by FinishMaster to induce Lake Pleasant to contract with FinishMaster;

- Lake Pleasant reasonably relied upon those representations;

- FinishMaster knew or should have known that (i) the paint was not appropriate for Lake Pleasant's business needs, and (ii) the paint would not work correctly in the region where Lake Pleasant was located, and failed to disclose those materials facts to Lake Pleasant; and

- If Lake Pleasant had been told that the paint would not work correctly in its region, it would not have entered into any contract for the paint with FinishMaster.

[Filing No. 25 at 11-12 (citations omitted).]

Lake Pleasant states that in the event the Court finds that its fraud counterclaim does not survive the Rule 12(b)(6) motion, the Court should allow Lake Pleasant to amend its counterclaim pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. [Filing No. 25 at 12.]

FinishMaster reiterates in its reply that Lake Pleasant failed to provide specific allegations of fraud such as "(i) the FinishMaster representative(s) who allegedly made the allegations of fraud, (ii) when and where the alleged false statements were made, and (iii) any Lake Pleasant representative(s) who allegedly heard the false statements relied upon it." [Filing No. 27 at 5.]

When fraud is alleged, the plaintiff must plead "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to plaintiff." See Fed. R. Civ. Pro. 9(b); *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir. 1992). The Seventh Circuit states that the particularity requirement is like the "calling for the first paragraph of any newspaper story: the who, what, when, where, and how." *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 569 (7th Cir. 2012); *See Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir. 2007). "This heightened pleading requirement is a response to the 'great harm to the reputation of a business firm or other enterprise a fraud claim can do.'" *Borsellino,* 477 F.3d at 507; *see Payton v. Rush–Presbyterian–St. Luke's Med*. Ctr., 184 F.3d 623, 627 (7th Cir. 1999).

The Court agrees with FinishMaster and concludes that Lake Pleasant did not sufficiently plead a fraud in the inducement counterclaim. Lake Pleasant claims that FinishMaster knew that Lake Pleasant relied on FinishMaster's material representations and that FinishMaster performed the analysis of the equipment, was aware of the environmental factors in Arizona, and encouraged the use of the DPC-Cromax Paint. Lake Pleasant states that FinishMaster knew or should have known that its material representations were false or made recklessly without knowledge of its falsity. These general allegations are mere conclusions that do not meet the heightened requirement under Rule 9(b). See *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923-24 (7th Cir. 1992) (Plaintiff's racketeering cause of action stated that defendant defrauded other companies

14

by claiming it "hired other companies," and that "upon information and belief[,] none of these companies" were paid. "While [the] allegations state the general subject matter of the alleged misrepresentations[,] . . . they do not even hint at the identity of those who made the misrepresentations, the time the misrepresentations were made, or the places at which the misrepresentations were made"). As FinishMaster points out, the counterclaim does not state who specifically made the fraudulent misrepresentations, to whom they were made, what the content of the material misrepresentations involved, and when and where such conversations took place.

In addition, Lake Pleasant made general assertions that FinishMaster was aware or should have been aware that the paint was defective when it entered into the Contract. A finding that such generalizations state a claim for fraud would encourage a "sue first, ask questions later" approach. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (citations omitted). Further, a heightened pleading requirement prevents serious damage of goodwill to a business when a claim of fraud is used as a strategy during litigation to gain advantage over the opposing party. *See Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992).

Lake Pleasant requests that if the Court dismisses the fraud in the inducement counterclaim, it be permitted to amend its counterclaim. However, under Fed. R. Civ. P. 15(a)(1)(B), the right to amend once as a matter of course terminates twenty-one days after service of a motion under Rule 12(b). "This provision . . . force[s] the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and … expedite[s] determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings." Fed. R. Civ. P. 15(a)(1), Advisory Committee Notes (2009 Amendment). Lake

Pleasant opted not to amend its counterclaim within the twenty-one day deadline. Accordingly, Lake Pleasant must either obtain FinishMaster's written consent or file a separate motion for leave to amend its counterclaim, should it wish to make that amendment.

The Court dismisses Lake Pleasant's fraud in the inducement counterclaim without prejudice.

### IV.
#### CONCLUSION

For the foregoing reasons, the Court finds that Lake Pleasant has failed to state viable counterclaims for breach of implied warranties and fraud in the inducement. The Court also finds, however, that Lake Pleasant has adequately alleged its counterclaims for breach of contract for failure to perform service obligations and for additional remedies beyond the limitation of remedies. Therefore, FinishMaster's Motion to Dismiss, [Filing No. 21], is **GRANTED** in part and **DENIED** in part.

If Lake Pleasant wishes to amend its counterclaim, it must seek the opposing party's written consent or the Court's leave pursuant to Fed. R. Civ. P. 15(a)(2). The Court orders that Lake Pleasant file any motion seeking to amend the counterclaim within **twenty-one days** of the date of this order.

Date: September 10, 2015

_(signature)_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Laura Elizabeth Gorman
BARNES & THORNBURG LLP (Indianapolis)
lgorman@btlaw.com

Matthew B. Barr
BARNES & THORNBURG LLP (Indianapolis)
mbarr@btlaw.com

Jennifer Ann Rulon
FROST BROWN TODD LLC
jrulon@fbtlaw.com

Bryan S. Strawbridge
FROST BROWN TODD LLC
bstrawbridge@fbtlaw.com